[Cite as *State v. Tingler* , 2011-Ohio-3802.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 10-CA-49 |
| ROBERT S. TINGLER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Common
                             Pleas Court, Case No. 08-CR-379

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 1, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GREGG MARX                              THOMAS R. ELWING
Assistant Prosecuting Attorney          60 West Columbus Street
Fairfield County, Ohio                  Pickerington, Ohio 43147
239 W. Main Street, Ste. 101
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1}    Defendant-appellant Robert S. Tingler appeals his conviction entered by the Fairfield County Court of Common Pleas for violating the terms of his community control.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶2}    On October 31, 2008, Appellant plead guilty to one count of escape, in violation of R.C. 2921.34(A)(1) and (C)(2)(a), and was sentenced to two years of suspended incarceration and three years of community control.

{¶3}    On April 22, 2010, the State of Ohio filed a motion to revoke Appellant's community control in the Fairfield County Court of Common Pleas, alleging Appellant violated the terms of his community control by failing to report and by committing additional crimes while on community control.  At the hearing on the motion to revoke, the State introduced the testimony of a probation officer who did not supervise Appellant's probation, but testified Appellant failed to report.

{¶4}    Via Judgment Entry of September 3, 2010, the trial court found Appellant had violated the terms of his community control, and imposed the original two year sentence of incarceration.  Appellant now appeals, assigning as error:

{¶5}    "I. THE TRIAL COURT ERRED IN FINDING APPELLANT VIOLATED HIS COMMUNITY CONTROL BY FAILING TO REPORT TO HIS PROBATION OFFICER, BECAUSE THIS FINDING WAS BASED ON EVIDENCE PRESENTED IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHT TO CONFRONT AND CROSS-EXAMINE ADVERSE WITNESSES AS GUARANTEED BY THE FOURTEENTH AMENDMENT

TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶6} "II. THE TRIAL COURT ERRED IN FINDING APPELLANT VIOLATED HIS COMMUNITY CONTROL BY COMMITTING ADDITIONAL CRIMINAL OFFENSES, AS THIS FINDING WAS NOT SUPPORTED BY EVIDENCE PROVING THE ADDITIONAL OFFENSES WERE COMMITTED DURING THE TERM OF APPELLANT'S COMMUNITY CONTROL, THUS APPELLANT WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

II.

{¶7} We will address Appellant's second assignment of error first as we find it relevant in our analysis of Appellant's first assigned error.

{¶8} Appellant argues the trial court erred in allowing the State to present evidence Appellant was convicted of additional criminal offenses in another county while on community control, because the State did not establish the crimes were committed during the term of Appellant's community of control.

{¶9} At the revocation hearing, the State presented two certified copies of judgment entries from the Franklin County Common Pleas Court stating Appellant had been convicted of obstructing justice and attempted burglary on February 23, 2010. Appellant argues the State did not establish the two offenses were actually committed by Appellant during the term of Appellant's community control for the case herein in Fairfield County.

{¶10} At the revocation hearing, the trial court stated on the record,

{¶11} "The Court finds, based on the evidence presented, that there is substantial evidence of violation of community control and they would be a violation of Term No. 5 alleging that Mr. Tingler failed to maintain good behavior and/or obey the laws of the State of Ohio.

{¶12} "The Court finds from the evidence that there is substantial evidence that there were two convictions out of Franklin County, two felony convictions occurring on February 23rd of 2010, and that those charges and convictions arose and were concluded while Mr. Tingler was on community control for this case."

{¶13} Tr. at 39-40.

{¶14} Additionally, at the revocation hearing, Appellant himself testified to his incarceration in Franklin County and his failure to report pursuant to the terms of his community control as a result thereof,

{¶15} "Q. And let's go back in time. How long have you been incarcerated all together?

{¶16} "A. Eight months.

{¶17} "Q. Eight months. When were you - - this last time, when did you go into jail?

{¶18} "A. I went in January 1st.

{¶19} "Q. January 1st, January 2nd?

{¶20} "A. January 2nd, I'm sorry.

{¶21} "Q. And what jail did you go to?

{¶22} "A. Franklin County Jail.

{¶23} "Q. The Franklin County Jail?

{¶24} "A. Yes, sir.

{¶25} "Q. And why did you go to the Franklin County Jail?

{¶26} "A. For the charges in front of us today.

{¶27} "Q. Okay.  So you've been continuously incarcerated since that date?

{¶28} "A. Yes, sir.

{¶29} "Q. Okay.  Do you know the last date you reported to your Adult Probation Authority officer in Columbus?

{¶30} "A. Yes, sir.

{¶31} "Q. What date was that?

{¶32} "A. It was - -  exact day, I'm not sure, but it was roughly five or six months prior to January of 2010.

{¶33} "Q. Were you given terms and conditions for supervision in Franklin County?

{¶34} "A. Yes sir.

{¶35} "Q. How many times did you meet with the Probation Department here in Fairfield County?

{¶36} "A. Two times.

{¶37} "Q. Two times?  And when was that?

{¶38} "A. That was the day I was released from Fairfield County Jail and one week later.

{¶39} "Q. And when were you released from the Fairfield County Jail, do you know?

**{¶40}** "A. I believe it was November 20th. I believe that was the day I was released. I believe that was the day I was placed on probation here.

**{¶41}** "Q. Okay. And you met with them one time after that as well?

**{¶42}** "A. Yes, a week later."

**{¶43}** Tr. at 33-34.

**{¶44}** Also, on cross-examination, Appellant testified,

**{¶45}** "Q. Okay. And that's when you were incarcerated in Franklin County?

**{¶46}** "A. Yes, ma'am.

**{¶47}** "Q. Okay. And you were convicted of a fifth-degree felony, obstructing justice; a third-degree felony, attempted burglary; and a fifth-degree felony, illegal processing of drug documents?

**{¶48}** "A. Yeah. It was the felony-five, obstruction, and they dropped the felony-three, burglary, to a felony-four, attempted burglary. And they threw the illegal drug documents out all together. So I pled out - - -

**{¶49}** "Q. Not according to the court entries.

**{¶50}** "But you have been convicted of two felonies. And what dates were you convicted of those?

**{¶51}** "A. I was convicted February 23rd.

**{¶52}** "Q. Okay. And you were - - -

**{¶53}** "A. The Court: What year?

**{¶54}** "The Defendant: 2010.

**{¶55}** "The Court: Okay.

**{¶56}** "Q. And you were on probation on this particular case in Fairfield County in February of 2010; correct?

**{¶57}** "A. No, ma'am.  I was under the impression that I was on probation in Columbus, APA.

**{¶58}** "Q. Okay.  You were reporting to them, but it was probation because of the felony in this county; correct?

**{¶59}** "A. Yeah."

**{¶60}** Tr. at 38-39.

**{¶61}** Upon review of the above, we find Appellant admitted to violating his Fairfield County reporting requirement due to his incarceration in Franklin County.  Therefore, Appellant cannot demonstrate prejudice as a result of the alleged error.  The second assignment of error is overruled.

I.

**{¶62}** Based upon our analysis and disposition of Appellant's second assignment of error, we find Appellant's first assignment of error moot under the two issue rule.

{¶63}  The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                      :
                                                 :
-vs-                                             :              JUDGMENT ENTRY
                                                 :
ROBERT S. TINGLER                                :
                                                 :
    Defendant-Appellant                     :              Case No. 10-CA-49


For the reason stated in our accompanying Opinion, the judgment of the Fairfield

County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE